**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Department of Child Safety, | No. CV-21-00501-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Allegra Green, et al., | |
| Defendants. | |

Defendant Allegra Green ("Defendant") filed a notice of removal on March 23, 2021. (Doc. 1.) For, the following reasons, this matter is remanded back to the Superior Court of Arizona in Maricopa County.

## DISCUSSION

### I.    Legal Standard

A federal district court is a court of limited jurisdiction, and the burden of establishing jurisdiction is on the party claiming jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–183 (1936). A district court has an obligation to inquire *sua sponte* into subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting. *United Invs. Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings."

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *see H.C. v. Koppel*, 203 F.3d 610, 612–13 (9th Cir. 2000) (finding that where a mother filed complaint against a California trial court, state trial court judge, and minor child's guardian ad litem, seeking an injunction ordering state court and judge to vacate certain child custody orders, *Younger* abstention required federal courts to refrain from interference). "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *San Remo Hotel v. City of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998) (citing *Hirsh v. Justs. of the Sup. Ct.*, 67 F.3d 708, 712 (9th Cir. 1995)). "If these three circumstances exist, then a district court must dismiss the federal action . . . [and] there is no discretion to grant injunctive relief." *Aiona v. Judiciary of Haw.*, 17 F.3d 1244, 1248 (9th Cir. 1994) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 n.22 (1976)).

Although *Younger* dealt with an injunction against a state criminal proceeding, *Younger*'s concern for comity and federalism is equally applicable to civil and administrative proceedings where other important state interests are implicated. *See Ohio Civ. Rts. Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619 (1986) (administrative civil rights proceeding); *Middlesex Cnty. Ethics Comm.*, 457 U.S. 423 (state bar disciplinary hearing); *Moore v. Sims*, 442 U.S. 415 (1979) (child custody proceeding). *Younger*'s abstention policy is based on the promotion of comity, respect for state functions, and concern that federal court injunctions might hamper state criminal prosecutions. *See Younger*, 401 U.S. at 43. In the Ninth Circuit, "[w]here *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires dismissal of the federal action." *Beltran v. State of California*, 871 F.2d 777, 782 (9th Cir. 1988); *World Famous Drinking Emporium, Inc., v. City of Tempe*, 820 F.2d 1079, 1081 (9th Cir. 1987) ("When a case falls within the proscription of *Younger*, a district court must dismiss the federal action."). The Supreme Court has specifically held

that claims related to ongoing juvenile proceedings in state court are properly dismissed in federal court pursuant to the *Younger* abstention doctrine. *See Moore*, 442 U.S. 415 (*Younger* abstention appropriate in context of state child removal proceedings due to allegations of child abuse).

## II.    Analysis

Here, the *Younger* abstention doctrine requires dismissal of this lawsuit. First, it is clear from the posture of this matter that Defendant is attempting to remove an open, active, and ongoing State of Arizona juvenile dependency proceeding (JD 40644) to this United States District Court. The Dependency Petition indicates that the Department of Child Safety filed the juvenile dependency proceeding on March 17, 2021. (Doc. 1-1.) Second, the State of Arizona has a strong interest in retaining jurisdiction over child dependency proceedings. "Family relations are a traditional area of state concern," and "federal courts have no general jurisdiction" in the field of domestic relations. *Koppel*, 203 F.3d at 613–14. As Defendant has "an adequate state forum" in which she can bring her due process claims, the *Younger* doctrine applies and requires that these claims be dismissed. *Id.*

## CONCLUSION

**IT IS THEREFORE ORDERED** that this lawsuit (Doc. 1) is **DISMISSED** without prejudice pursuant to the *Younger* abstention doctrine.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Superior Court of Arizona in Maricopa County.

**IT IS FURTHER ORDERED** that the parties may file a motion to seal the exhibits in this case within **five days** of the filing of this Order. Thereafter, the Clerk of the Court is directed to enter judgment in this action.

Dated this 26th day of March, 2021.

G. Murray Snow
Chief United States District Judge